STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-03-24
DHM- KEN-3/17/2004

YORK HOSPITAL, *et al.,*

      Petitioners

v.

DEPARTMENT OF
HUMAN SERVICES, *et al.,*

      Respondents

**DECISION AND ORDER**

MAY

This matter is before the court upon Petition for Judicial Review of Final Agency Action brought by the York Hospital and Wentworth-Douglass Hospital pursuant to 5 M.R.S.A. §§ 11001-11008, 22 M.R.S.A. § 311, and M.R. Civ. P. 80C. Petitioners York Hospital and Wentworth-Douglass Hospital seek judicial review of the April 3, 2003 decision[1] of respondent, the Acting Commissioner of the Department of Human Services (DHS), to deny a request for reconsideration of the February 4, 2003, decision of DHS Commissioner Colcannon to grant a certificate of need (CON) to Maine Medical Center and Southern Maine Medical Center (MMC/SMMC) to construct a cancer radiation therapy center in Wells, Maine and to deny petitioners' competing application for the CON.

York Hospital, Wentworth-Douglass Hospital and Henrietta D. Goodall Hospital, labeling themselves the York County Radiation Therapy Collaborative (hereinafter "the collaborative") submitted a letter of intent (proposing to construct a

---

[1] Petitioners assert on page 1 of their petition that it is "granting a Certificate of Need ("CON") to Maine Medical Center . . . etc." of which they seek review of. On page 7 of the petition, at ¶ 48 petitioners correctly note that "On April 3, 2003, the Acting Commissioner denied the request for reconsideration. In accordance with 22 M.R.S.A. § 310, upon denial of the request for reconsideration, the CON Decision became final agency action reviewable by this court." Which agency action is being reviewed is obviously an important issue, affecting filing deadlines, preservation of issues on appeal and this court's scope of review.

radiation therapy center in Wells, Maine) dated August 2, 2001, pursuant to 22 M.R.S.A. § 306-A(1) prior to submitting an application for a CON, pursuant to 22 M.R.S.A. §§ 301 – 325 "Maine Certificate of Need Act of 1978" on December 13, 2001. MMC submitted a letter of intent proposing to create a "Comprehensive Cancer Care Center" (a competing cancer radiation therapy center proposal) in York County pursuant to the above statutory provisions on December 20, 2001. MMC, together with SMMC submitted a proposal for a CON, also pursuant to the above statutory provisions, in a letter dated April 16, 2002.

In a letter dated January 3, 2002, DHS requested additional information from the collaborative. According to respondents' brief and averments at oral argument, a request for additional material was also made to MMC/SMMC. According to respondents, this request was oral, not written, and therefore has no exhibit memorializing it other than the SMMC/MMC response dated April 18, 2003.

The competitive review cycle began on May 5, 2002. On August 1, 2002, DHS drafted a letter with three questions to both sets of applicants seeking more information regarding 1) physician privileges, 2) the current unmet needs of cancer patients in southern York County and 3) "why the selection of a facility site apparently became a "deal-breaker."[2] MMC/SMMC responded in a letter dated September 4, 2002, that, taken together with the collaborative's response, dated September 6, 2002, illuminates some of the issues regarding physician's privileges and business considerations underlying this matter.

On August 12, 2002, while DHS was reviewing the two competing applications, a member of the collaborative, Henrietta D. Goodall Hospital, was served with a

---

[2] Apparently refers to collapse of earlier planned collaborative effort by the four Maine hospitals (York, Goodall, MMC and SMMC) to establish the cancer therapy radiation center.

"Statement of Deficiencies" by the Division of Licensing and Certification at DHS. The deficiencies reported in the four page letter included lack of a "code pink" policy (plan for response to abduction or attempted abduction of infant or child), lack of a policy specifying procedure for patient grievances, lack of a policy regarding use of restraints on patients, lack of a Medical Staff Quality Improvement Plan and lack of a policy specific to the process to identify patients undergoing procedures.

On November 1, 2002, DHS issued a preliminary assessment favorable to MMC/SMMC and unfavorable to the collaborative. The assessment noted that Goodall Hospital was still operating under a conditional license as a result of the deficiencies found there by the Division of Licensing and Certification, and that, while Wentworth-Douglass was the only one of the three hospitals in the collaborative accredited by the American College of Surgeon's Commission on Cancer, the "Maine Department of Human Services Licensure and Certification Unit has no oversight over protocols, licensure or certification requirements." The report further noted that "simulation services" for all patients will be provided in Dover, N.H. under the collaborative's plan. The report also noted that MMC and SMMC both had accredited multidisciplinary cancer programs and MMC is approved as a "Teaching Hospital Cancer Program."

After the results of the preliminary assessment became public, letters from cancer survivors, patients and others were received by DHS. A heavily attended public hearing chaired by the CON Advisory Committee was held in Wells on December 4, 2002. On December 13, 2002, SMMC/MMC and the collaborative submitted written comments concerning their applications. At that time MMC/SMCC identified an alternate site for their proposed radiation center.[3] On December 23, 2002 the Advisory

---

[3] According to SMMC/MMC the alternate site was selected when opposition from some neighbors to the original site emerged. The new site is a seven-acre parcel on Route 1 at the Wells Plaza.

Committee met, deliberated and voted 5 to 1 to recommend the application of the collaborative for the CON.

On January 8, 2003, DHS staff issued its recommendation to Commissioner Concannon recommending approval of SMMC/MMC for the CON. The staff recommendation essentially reiterated the considerations noted in the November 1, 2002 preliminary assessment.

On January 10, 2003, both the collaborative and SMMC/MMC were notified that pursuant to Chapter 13, § 2 of the Certificate of Need Manual the new site selected by SMMC/MMC had "no material effect upon the application under review and is not a new application" and offered any registered party the right to request a public hearing (limited to discussion of the new site and the alternate site). Initially the collaborative requested a public hearing. A hearing was scheduled for January 23, 2003, in Wells. On January 16, 2003, the collaborative withdrew its request for a hearing, characterizing the proposed hearing as part of "efforts to reopen the record for the sole benefit of MMC/SMCC."

On February 4, 2003, Commissioner Concannon announced his decision awarding the CON, with six conditions,[4] to SMMC/MMC. On March 5, 2003, petitioners, pursuant to 22 M.R.S.A. § 310 submitted a twenty-one page Petition for Reconsideration of Certificate of Need Decision. This petition asserted that the CON Decision was:

---

[4] The first three deal with allowing access by patients and privileges to medical oncologists and radiation oncologists regardless of hospital affiliation. Condition four calls for outside evaluation of the cancer treatment program and condition five calls on SMMC/MMC to demonstrate ongoing communication to York residents that they are welcome at the new center regardless of their physician or hospital preference. The sixth condition, the one objected to strenuously by the collaborative, requires the York County Cancer Care Center (SMCC/MMC) to receive approval by the Wells Planning Board and the appropriate Licensing and Certification entity and the State Fire Marshal prior to construction.

1. Predicated on a review process that violated constitutional and statutory provisions;

2. In excess of the statutory authority of the Department;

3. Made upon unlawful procedure;

4. Affected by bias or error of law;

5. Unsupported by substantial evidence on the whole record; and/or

6. Arbitrary or capricious or characterized by abuse of discretion.

Acting Commissioner Peter Walsh, in a 12-page letter dated April 3, 2003, informed petitioners that he found support in the informational record for the "CON Unit" (DHS staff) recommendation to the Commissioner to grant the CON to SMMC/MMC and finding no "significant new information,"[5] he would decline to reconsider the decision.

On May 5, 2003, the collaborative (minus Goodall Hospital) filed a petition with this court seeking review of final agency action pursuant to 5 M.R.S.A. §§ 11001-11008 and 22 M.R.S.A. § 311.

When the decision of an administrative agency is reviewed pursuant to M.R. Civ. P. 80C, this Court reviews the agency's decision directly for abuse of discretion, errors of law, or findings not supported by the evidence. *Centamore v. Dep't of Human Services,* 664 A.2d 369, 370 (Me. 1995). "An administrative decision will be sustained if, on the basis of the entire record before it, the agency could have fairly and reasonably found the facts as it did." *Seider v. Board of Exam'r of Psychologists,* 2000 ME 206 ¶9, 762 A.2d 551, 555 (Me. 2000) (citing *CWCO, Inc. v. Superintendent of Ins.,* 1997 ME 226, ¶6, 703 A.2d 1258, 1261 (Me. 1997)).

---

[5] The collaborative had offered to establish simulation services in the proposed facility and called the Acting Commissioner's attention to a proposal by SMMC/MMC to allow York and Goodall Hospital to join with them in building and operating their proposed cancer care center in Wells.

In reviewing the decisions of an administrative agency, the Court should "not attempt to second-guess the agency on matters falling within its realm of expertise" and the Court's review is limited to "determining whether the agency's conclusions are unreasonable, unjust or unlawful in light of the record." *Imagineering v. Superintendent of Ins.*, 593 A.2d 1050, 1053 (Me. 1991). The focus on appeal is not whether the Court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence that supports the result reached by the agency. *CWCO, Inc. v. Superintendent of Ins.*, 703 A.2d 1258, 1261. "Inconsistent evidence will not render an agency decision unsupported." *Seider*, 762 A.2d 551 (citations omitted). The burden of proof rests with the party seeking to overturn the agency's decision, and that party must prove that no competent evidence supports the Board's decision. *Id.*

Factual determinations must be sustained unless shown to be clearly erroneous. *Imagineering*, 593 A.2d at 1053 (noting that the Court recognizes no distinction between the clearly erroneous and substantial evidence in the record standards of review for factual determinations made by administrative agencies). "A party seeking review of an agency's findings must prove they are unsupported by *any* competent evidence." *Maine Bankers Ass'n v. Bureau*, 684 A.2d 1304, 1306 (Me. 1996) (emphasis added).

"When the dispute involves an agency's interpretation of a statute administered by it, the agency's interpretation, although not conclusive on the Court, is accorded great deference and will be upheld unless the statute plainly compels a contrary result." *Maine Bankers Ass'n*, 684 A.2d at 1306 (citing *Centamore v. Department of Human Services*, 664 A.2d 369, 370 (Me. 1995)).

Petitioners argue that through procedural irregularities, bias and a decision unsupported by substantial evidence in the record respondents have violated express provisions of the CON Act and denied petitioners due process and equal protection.

Respondents reply that the CON Act and the Maine Certificates of Need Procedure Manual (CON manual) allowed the procedures employed or allowed by DHS and the Commissioner's decision was supported by substantial evidence in the record and there was no bias against petitioners.

The underlying standard for review of CON applications was laid out in 22 M.R.S.A. §§ 301 –324 and CON Manual. According to statute, a certificate of need shall be issued whenever the department determines:

> A. That the applicant is fit, willing and able to provide the proposed services at the proper standard of care;
>
> B. That economic feasibility of the proposed services is demonstrated in terms of: Effect on the existing and projected operating budget of the applicant; the applicant's ability to establish and operate the facility or services in accordance with licensure rules adopted under pertinent state laws; the projected impact on the facility's costs and rates; the total health care expenditures in the community and the State; and the availability of State funds;
>
> C. That there is a public need for the proposed services; and
>
> D. That the proposed services are consistent with the orderly and economic development of health facilities and health resources for the State, that the citizens of the State have the ability to underwrite the additional costs of the proposed services and that the proposed services are in accordance with standards, criteria or plans adopted and approved pursuant to the state health plan developed by the department.

22 M.R.S.A. § 309(1) (2000).

The regulations promulgated to carry out the directives of the CON Act are codified at CMR 10-144-503 (CON manual).[6] Petitioners strenuously argue that DHS failed to follow the directives of the CON Act and the procedural requirements embedded in the regulations.

Petitioners argue that SMMC/MMC should have been required to submit a site plan. Petitioners cite the CON manual as stating that an application "*shall* include:

---

[6] This application was considered under the version of the rules then in effect.

Evidence that the proposed project will conform to applicable zoning requirements, environmental protection regulations, and other applicable municipal, State and Federal ordinances, statutes and regulations." (Emphasis added).[7] SMMC/MMC replies that the use of the future tense "will conform" demonstrates that applicants need not already have achieved compliance but need only put forth documentation for how they propose to achieve compliance. Further, they note that the introductory language to Appendix A (actually Appendix B in the CON Manual) makes it clear that it is a guide and constitutes supplementary information to the criteria and standards set forth in the regulations.

Petitioners cite no provision of the statute requiring a site plan. Petitioners cite no requirement in the body of the regulations requiring a site plan. Petitioners note, as part of their argument that "[f]rom the very beginning of the CON review process, the Department demonstrated bias against Petitioners' proposal," that they were asked to submit the "Site Plan Approval" for the project "before the application can be accepted as complete for formal review. Petitioners attempt to maintain that being asked to supply a site plan when their competitor was not[8] is unfair or somehow violates equal protection. It is a not accurate for them to maintain that "the CON Act requires this information in order to determine whether a CON applicant meets the required statutory review criteria," cites to 22 M.R.S.A. § 309(1), 22 M.R.S.A. § 309(2-A) and CON

---

[7] Petitioner gives the following cite: "CON Rules, Appendix A, Section VII." This citation is actually a cite to Appendix B of the CON manual which is titled "Determining the Reviewability of New Health Services" which functions as a guide for staff in composing questions to applicants and understanding the regulations to which it is appended.

[8] This issue was raised at oral argument. Respondent maintained that the request for site plan resulted from DHS staffers walking on the site and finding it boggy. The January 3, 2002 letter that petitioner cites only mentions a "review of the site."

Rules, Chapter 8, Section VII, pp. 35-36 notwithstanding.[9] In essence, petitioners are arguing that "we submitted a site plan (at the behest of DHS) so they should have to."

Respondents answer this argument by quoting Acting Commissioner Walsh from the Reconsideration Determination, as understanding the appendix B guide in the CON Act to "recommend, but not require, the submission of a site plan." They cite a 1999 Law Court ruling for the proposition that the departments interpretations of its own regulations is to be given great deference. *Fryeburg Health Care v. Dept. of Human Services*, 1999 ME 122, 734 A.2d 1141.

> We give considerable deference to an agency's interpretation of its own internal rules, regulations, and procedures and will not set it aside, unless the rule or regulation plainly compels a contrary result. *See Hale-Rice*, 1997 ME 64, P12, 691 A.2d at 1236; *AFSCME Council 93 v. Maine Labor Relations Bd.*, 678 A.2d 591, 593 (Me. 1996); *Sebasticook Valley Health Care Facility, Inc. v. State*, 484 A.2d 595, 602 (Me. 1984). The challenger has the burden of showing that the Department's action is arbitrary or based on an error of law. See *Medical Care Management. Inc. v. Department of Human Services*, 632 A.2d 436, 436-37 (Me. 1993); *Sebasticook Valley Health Care Facility*, 484 A.2d at 602.

*Fryeburg Health Care*, 1999 ME 122, ¶7, 734 A.2d 1141, 1143.

Here, no statute and no regulation compelled the department to require site plans from both applicants. A sentence in an appendix offering guidance to staff in formulating questions does suggest that applicants *shall* provide evidence that the proposed project will conform to applicable zoning requirements, etc. but the same section of the same appendix contains the language cited by respondents that applicants need only provide evidence that their projects *will conform* (emphasis supplied).

---

[9] 22 M.R.S.A. § 309(2-A) is not a legible cite. If petitioner means 22 M.R.S.A. § 309(2)(A); it is a section of the CON Act that calls for the department to consider " [t]he relationship of the health services being reviewed to the state health plan." CON Rules Chapter 8, Section VII is not legible. Chapter 8 in the main body of the CON manual only has five sections. Chapter 8 in Appendix B (attached to the petition as Appendix A of that petition) also has only five sections. Pages 35 and 36 of that appendix contain no references to site plans.

Petitioners, in their Reply Brief aver that "because MMC/SMMC initially made provision for obtaining a Site Plan Approval as part of its CON application, and because it responded without objection to the Department's inquiry regarding such approval by responding that it would obtain such approval, MMC/SMMC is estopped from now asserting that Sit Plan Approval was not required. Petitioners also assert an estoppel argument against DHS "because the Department did, in fact, require both applicants to provide Site Plan Approval from both applicants." DHS did not "in fact" require a Site Approval Plan from both applicants. That, in fact, is one of the foundations of this petition.

The issue of this inconsistent treatment of petitioners and its competing application in regards to overall bias is a difficult question to answer definitively in this matter (especially regarding due process). What is clear is that there is neither a statute nor the body of a regulation calling for a site plan and even the section of the appendix cited by petitioners does not mention site plans specifically. The court cannot conclude that a contrary result to the DHS interpretation is compelled.

Before DHS issued its preliminary assessment, which was favorable to the MMC/SMMC application, petitioners complained, in writing, that the MMC/SMMC application was incomplete (lacked the above mentioned site plan) and "flawed." After the public hearing and the 5 to 1 favorable recommendation by the advisory board in favor of petitioners' CON application, DHS staff, according to petitioners "began a series of *ad hoc* procedures not authorized by the CON Act, in an effort to support the MMC/SMMC proposal."

Petitioners point to a January 2, 2003, letter from DHS asking MMC/SMMC to provide additional information regarding an alternate site for its proposed radiation therapy center. Petitioners maintain that respondents' reply demonstrates that

SMMC/MMC had been communicating with DHS staff regarding an alternate site as long ago as December 2, 2002. Petitioners argue that while DHS staff clearly may seek additional information following a public hearing,[10] it must "do so <u>before</u> the CON Advisory Committee meets to deliberate on the competing proposal so that the Committee has the benefit of such additional information before it makes its final recommendations to the Commissioner."

Petitioners also object to what they characterize as the failure of DHS staff to forward the information they received regarding an alternate site to the advisory committee as required by law. *Citing* 22 M.R.S.A. § 307(2-B)(G) and (H).

> G.     In the event that circumstances require the department to obtain further information from any source or to otherwise contact registered affected persons following the public hearing and submission of comments under paragraph F or, when no hearing is held, following the 80th day of a 90-day review cycle or the 140th day of a 150-day review cycle, the department shall:
>
> (1)     Provide written notice to all registered affected persons who shall have at least 3 business days to respond; or
>
> (2)     Convene a public meeting with reasonable notice with participation of the committee at its discretion and affording directly affected persons the opportunity to conduct reasonable questioning.
>
> In either event, notwithstanding any other provision of this chapter, the time period in which a decision is required shall be extended 20 days. Any written comments shall be forwarded to the committee.

22 M.R.S.A. § 307(2-B)(G).

> H.     At its next meeting following the receipt of comments pursuant to paragraph F or G, or in the case of a public hearing pursuant to paragraph G, the committee shall make a recommendation of approval, disapproval or approval with conditions with respect to the application or applications under consideration. This meeting is open to the public; however, during the committee's deliberations, participation is limited to committee members. The recommendation must be determined by majority vote of the appointed members present and voting. Members of the committee may make additional oral comments or

---

[10] This is a reference to the December 4, 2002 public hearing held in Wells.

submit written comments, as they consider appropriate, with respect to the basis for their recommendations or their individual views. The committee recommendation and any accompanying comments must be forwarded to the commissioner. If the committee is unable to obtain a majority on a recommendation, the committee shall report to the commissioner the result of any vote taken.

22 M.R.S.A. § 307(H).

Respondent DHS replies that SMMC/MMC did not identify an alternate site in their December 2, 2002 phone conversation with DHS, but merely indicated that it was "strongly considering" an alternate site and requested guidance on whether or how such consideration might affect the competitive review process underway. Respondents points to provision in the CON Act manual they aver permits an applicant to revise an application at any time previous to submission to the Commissioner by the staff "at any time prior to the date on which the staff submits its final report to the Commissioner." *Citing* CON Manual Ch. XIII, § 2.

Respondents' citation is correct as far as it goes. That section of the CON Manual, however, cited below in full, directs that the Department may declare a revised a new application.

> Any applicant may submit a revision to an application at any time prior to the date on which the staff submits its final report to the Commissioner; provided, however, that the Department may declare the revised application a new application to be processed in accordance with the provisions of Sec. 306-A and Sec. 307 of the Act. This will result in the revised application being placed in a new review cycle.

CON Manual Ch. XIII, § 2.

Petitioners argue that DHS "properly should have" declared the MMC/SMMC application a new application under Chapter 13. An impartial examination of the language of the regulation at Chapter 13, however, shows a precatory intent. The regulation states that the Department *may* declare the revised application a new application. The regulation does not declare that it *should.*

After the submission of these briefs petitioners averred other grounds for their contention of ex parte communication (the "hidden" or missing emails, etc.). On the grounds cited in their brief in this action, forbidden ex parte communication does not seem apparent. Petitioners, both in the arguments considered above and those considered below, object strenuously both to the additional information being considered and to the conclusion that MMC/SMMC is "able" to implement its project based on the record.

Petitioners note that in its preliminary assessment of the competing applications DHS stated in lieu of a state health plan, it would use the Maine Comprehensive Cancer Control Plan ("Plan") to evaluate the proposals. Petitioners argue that, contrary to DHS' assertion, the Plan cannot lawfully be utilized as a standard against which to measure the competing CON application. Petitioners cite 22 M.R.S.A. § 312:

> The department shall adopt any rules, standards, criteria, plans or procedures that may be necessary to carry out the provisions and purposes of this Act. The department shall, to the extent applicable, take into consideration recommendations contained in the state health plan and the recommendations of the Certificate of Need Advisory Committee under section 306-A, subsection 2, paragraph A. The department shall provide for public notice and hearing on all proposed rules, standards, criteria, plans, procedures or schedules pursuant to Title 5, chapter 375.

Petitioners assert that the Plan, the product of a consortium of public and private entities cannot substitute for the State Health plan or other rules or regulations duly promulgated in accordance with the APA. Petitioners also assert that they were never informed that the Plan would be so used. SMMC/MMC respond that petitioners have cited no judicial authority for "so rigid a rulemaking requirement." SMMC/MMC cite various authority for the proposition that administrative agencies do not and cannot always establish by prospective rule all of the sources upon which they will base their

decision. *See, e.g SEC v. Chenery Corp,* 332 U.S. 194, 203 (1947) ("There is thus a very definite place for the case-by-case evolution of statutory standards.").[11]

Here, according to SMMC/MMC the department was not attempting to adopt the Plan "by reference" as alleged by petitioners but merely using the Plan as a helpful benchmark for evaluating competing applications and as such was well within the discretion of staff and the Commissioner. SMCC/MMC also refute petitioners' contention that they (petitioners) only learned of reliance on the plan (and therefore were disadvantaged in preparing their application) in the November 1, 2002, Preliminary Staff Analysis. SMCC/MMC aver that the analysis was issued months before the record was closed and both sides could therefore address criteria contained in the Plan or propose alternatives during the application process.

In the matter of allegations of bias and unconstitutional treatment of Wentworth-Douglass, petitioners begin their argument in this portion of their brief with reference to the Privileges and Immunities Clause of the U.S. Constitution. This argument will not be discussed as petitioners correctly noted at oral argument that the Privileges and Immunities clause does not extend its protection to corporations.

On the issue of bias, petitioners refer to a pattern it perceives and especially a January 3, 2002, letter wherein DHS inquired into "the decision to 'partner' with Wentworth-Douglass on the Collaborative rather Maine Medical Center which would have 'kept the business' in Maine." Petitioners allege a bias against Wentworth as an out of state hospital and documents and described at oral argument, at length, Wentworth's professional stature and good reputation.

---

[11] It should be noted that this case, involving SEC denial of permission to amend a corporate reorganization plan, decided one year after the original enactment of the APA on June 11, 1946, does not cite the APA. Some research shows that this is not uncommon in U.S. Supreme Court decisions. In perhaps the most famous case in federal administrative law jurisprudence, *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837 (1984), the Court also does not rest on the APA.

Respondents assert that "[c]ontrary to petitioners' assertions the Department cannot remain blind to the boundaries of the State of Maine when reviewing a CON application." Respondents cite the CON Act as specifically requiring that the Department determine that "the proposed services are consistent with the orderly and economic development of health facilities and health resources for the State." 22 M.R.S.A. § 309(1)(D). Respondents also note that although Wentworth-Douglass is a MaineCare provider it is licensed by New Hampshire and does not fall under Maine licensing rules and protocols.[12]

As for actual bias, this is a charge that "must be alleged with sufficient particularity to have had an effect on the fairness of the governmental proceedings." *Baker's Table, Inc. v. City of Portland*, 2000 ME 7, ¶9 73 A.2d 237, 240. Respondents note that in a case cited repeatedly by both parties in their due process arguments, *Hale v. Petit*, 438 A.2d 226, 234 (Me. 1981), mere allegations of bias without specification of how a party was actually prejudiced were held insufficient. Bias, in essence, must be alleged with specificity and not by implication (every losing applicant will sense bias against their application). Even ,"[a] preconceived position on law, policy or legislative facts is not a ground for disqualification" on the grounds of bias in administrative hearings. *New England Tel. Co. v. Public Utilities Commission*, 448 A.2d 272, 280 (Me. 1982).

Petitioners note in their brief that "bias is often difficult to prove." Respondents agree, noting that the Law Court has stated "The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *In re General marine Construction Corporation*, 272 A.2d 353, 356 (Me. 1971), quoting, *United States v.*

---

[12] It is, not clear, on its face, why this is important as all activities, except simulation, will be conducted in the proposed free standing facility in Maine and will be subject to Maine rules, etc.

*Chem. Found.*, 272 U.S. 1, 14 (1926). Inferences of the predatory nature of MMC's activity and the bias of respondents in its favor are replete in petitioners' filings. However, reference to specific evidence of same is not evident.

Petitioners state that "under most circumstances, petitioners would not disagree with the Commissioner's authority to issue a CON with specific conditions." Here, however, petitioners assert that since 22 M.R.S.A. § 309(1)(A-D) requires the Commissioner to make four statutory determinations; a conditional approval violates the CON Act.

Respondents answer with two arguments. The first is that the court should not consider the petitioners' argument on this issue as it was not raised in its petition for review and is therefore not preserved. Respondents cite the *Hale* court for the proposition that petitioners were required "to raise all of their issues in their request for reconsideration, since failure to raise an issue in the request will foreclose judicial review of that issue." *Hale*, 438 A.2d at 230. Petitioners respond in their Reply brief that *Hale* was decided under a different, earlier, version of the CON Act. They cite the present section 311 of the CON Act for their contention that matters not raised in a request for agency for review are nevertheless properly raised in petition for judicial review.

Respondents maintain that regardless of whether this issue is properly before this court it is without merit. They cite the CON Act for authority that the Commissioner has explicit authority to condition a decision. 22 M.R.S.A. § 307(5-A)(B). ("The commissioner may issue a certificate of need with specific conditions.")

Petitioners assert that after having found both competing projects met minimum statutory criteria, Commissioner set fourth four reasons for awarding the CON to

SMMC/ MMC that are unsupported by "evidence of record." The four "compelling reasons" refer to:

1.   Patient and physician access.

2.   Accreditation.

3.   Comprehensiveness of treatment – esp. availability of simulation on site.

4.   Licensure by the State of Maine of the sponsors.   Goodall's conditional license and Wentworth's New Hampshire license are noted.

Documentation of differences in accreditation among applicants, the availability of simulation services and Wentworth's New Hampshire license and Goodall's conditional license are manifestly part of the record.  Petitioners strenuously disagree with the weight or significance drawn from these facts.  Petitioners argue, for example, that ACOS accreditation is not, standing alone, a guarantee of quality.

Petitioners may be correct about the value of ACOS accreditation and still incorrect about support or lack thereof in the record for the conclusion of the Commissioner on the CON, and more pertinent on the petition for review. The focus on appeal is not whether the Court would have reached the same conclusion as the agency, but whether the record contains competent and substantial evidence that supports the result reached by the agency.  *CWCO, Inc. v. Superintendent of Ins.*, 703 A.2d 1258, 1261. "Inconsistent evidence will not render an agency decision unsupported." *Seider*, 762 A.2d 551 (citations omitted).  The burden of proof rests with the party seeking to overturn the agency's decision, and that party must prove that no competent evidence supports the Board's decision. *Id.*

Issues of patient and physician access (the latter apparently predominant in the minds of all parties) are also documented in the record and could reasonably support

the decision by the Commissioner in this decision granting the CON and in the Acting Commissioner's decision not to review.

In arguing many of the above grounds for this court to reverse or remand, petitioners cite violation of their due process rights. Respondents, of course dispute that denial. Both sides cite repeatedly to the *Hale* decision. That decision in turn cites the *Mathews* test. *See, Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). "'[d]ue process,' unlike some legal rules, is not a technical conception with a fixed content unrelated to the time, place and circumstances." *Mathews*, 424 U.S. at 334. "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Mathews*, 424 U.S. at 334. The standard it erects, "[t]he requirements of due process vary with the type of proceeding," *Hale*, 438 A.2d at 231, is best applied by reference to the above discussion. The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333. The court finds no evidence that petitioners were denied the right to be heard or to otherwise participate at a meaningful time and in a meaningful manner.

For all the reasons discussed herein, the entry will be:

> The decision of Kevin W. Concannon, Commissioner, Department of Human Services, dated February 4, 2003, in the matter of: Cancer Care in York County-CON Review/York County Cancer Care Center (SMMC/MMC)/York County Collaborative is AFFIRMED.

Dated: March 17, 2004

Donald H. Marden
Justice, Superior Court

Date Filed __5/5/03__ __Kennebec__ Docket No. __AP03-24__
County

Action __Petition for Review__
80C

Charles Dingman, Esq.
PO Box 1058
Augusta, ME 04332-1058 **J. MARDEN**
Southern Maine Medical Center and
Maine Medical Center (directly affected parties)

York Hospital & Wentworth Douglass VS. Peter Walsh, Comm. Dept. of Human Services

| Plaintiff's Attorney | Hospital | Defendant's Attorney |
|---|---|---|

Joseph M. Kozak, Esq.
Julius Ciembroniewicz, Esq.
160 Capitol Street
Augusta, Maine 04330

Michael Seitzinger, Esq.

John Doyle Esq (SMMC) & (MMC)
PO Box 9546
Portland Maine 04112

Janine Keck Massey, AAG (Walsh & DHS)
Six State House Station
Augusta ME 04333-0006

| Date of Entry | |
|---|---|
| 5/5/03 | Petition for Review of Final Agency Action, filed. s/Kozak, Esq. s/Ciembroniewicz, Esq. |
| 5/19/03 | Appearance and Statement of Position on behalf of Southern Maine Medical Center and Maine Medical Center (directly affected parties), filed. s/J. Doyle, Esq. and C. Dingman, Esq. |
| 5/27/03 | Entry of Appearance of Janine Keck Massey, AAG on behalf of Peter Walsh and Department of Human Services, filed. s/J. Massey, AAG |
| 6/4/03 | Certification of Record* filed. s/J. Massey, AAG **\*Record includes 4 white binders; 2 audio cassettes and 1 video tape which is on back shelf of the vault.** |
| 6/5/03 | Notice of briefing schedule mailed to attys. |
| 7/14/03 | Brief in Support of Petition for Judicial Review of Final Agency Action, filed. s/Kozak, Esq. |
| 8/13/03 | Respondent's Brief Pursuant to M.R.Civ.P. 80C, filed. s/Massey, AAG. |
| 8/18/03 | Brief of SMMC/MMC, filed. s/C. Dingman, Esq. (filed 8/15/03) |
| 8/29/03 | Petitioners' Reply Brief, filed. s/Kozak, Esq. |
| 9/19/03 | STATUS CONFERENCE held in Waldo County, Hon, Donald Marden. Order to be issued-See Order in CV03-207. |
| 9/29/03 | Respondents' Motion Regarding Scheduling of Oral Argument Pursuant to M.R.Civ.P. 80C(1) with incorporated Memorandum of Law, filed. s/Massey, AAG Proposed Order, filed. |
| ------ | Statement of Position of SMMC/MMC, filed. s/Doyle, Esq. |
| ------ | Motion to Consolidate with attached exhibits "A"-"D", filed. s./Ciembroniewcz Proposed Order, filed. (filed in CV03-207) |
| 10/3/03 | Petitioners' Memorandum in Oppostion to Respondents' Motion Regarding Scheduling Oral Argument and Statement of Position of SMMC/MMC, filed. s/Kozak, Esq. s/Ciembroniewicz, Esq. |

STATE OF MAINE                              SUPERIOR COURT
                                            CIVIL ACTION
KENNEBEC, ss.                               DOCKET NO. AP-03-24
                                            *DHS-KEN -9/28/005*


YORK HOSPITAL, *et al.*,

        Petitioners

        v.                                  **DECISION**

MAINE DEPARTMENT OF
HUMAN SERVICES, *et al.*,

        Respondents


Petitioners York Hospital and Wentworth-Douglass Hospital filed with the court

a petition for judicial review of final agency action of the Department of Human

Services through its Commissioner granting a Certificate of Need to the Maine Medical

Center and Southern Maine Medical Center to construct a cancer radiation therapy

center, to deny petitioners' competing application for a Certificate of Need and denying

a request for reconsideration of the Commissioner's decision. On March 17, 2004, this

court issued its decision affirming the February 4, 2003 decision of the Commissioner of

the Department of Human Services. On March 21, 2005, the Law Court affirmed the

Superior Court's judgment in most respects but concluded that the court erred when it

denied the petitioner's motion to correct or modify the record, vacated the judgment

and remanded the matter to the Superior Court to "take action regarding electronic

correspondence that has recently been turned over by the Department." In its

discussion, the Law Court gave the following guidance:

> If the court expands the record to include any of the disputed e-mail
> correspondence, the court must then determine whether the entire record
> as augmented establishes that the Department was biased or prejudiced in
> favor of MMC/SMMC[1] or against the Collaborative.[2]

---

[1] Maine Medical Center/Southern Maine Medical Center.

2005 ME 41, p. 9 of the advance sheets.

> Accordingly, on remand, the court should first determine whether the correspondence should have been made a part of the record pursuant to M.R. Civ. P. 80C(f), or was additional evidence outside the record that may demonstrate bias or prejudice. M.R. Civ. P. 80C(e). The court should then address the Collaborative's claim of bias in light of the entire record.

2005 ME 41, p. 11.

Finally, the Law Court made clear that it made no decision on the question presented by the petitioners "to address the question of whether the Department acted arbitrarily and capriciously."

On July 19, 2006, this court granted four motions by petitioners to modify the record, a motion by respondents to modify the record, and a motion by Southern Maine Medical Center to modify the record. An additional respondents' motion to modify the record was granted on August 17, 2006. Pursuant to those motions, certain records were determined to be appropriate to be part of the record pursuant to M.R. Civ. P. 80C(f) and others were determined to be additional evidence outside the record that may demonstrate bias or prejudice pursuant to M.R. Civ. P. 80C(e). Upon the admission of said records, the court addresses the claim of bias in light of the entire record.

The court has carefully examined over 1,000 documents presented and admitted into the record either as appropriately part of the official record or as additional evidence. There can be no question that the activities and the relationship between a health care financial analyst with the Certificate of Need Unit in the Department of Human Services and the Director of Planning for MaineHealth, an organization of

---

[2] The Collaborative applying for the Certificate of Need consisted of York Hospital, Wentworth-Douglass Hospital and Goodall Hospital. Goodall Hospital was not a party to the appeal and, in fact, has joined MMC/SMMC in its cancer center.

Maine Medical Center, was completely improper, displayed unequivocal bias and displayed evidence of communications completely at odds with the principles of a competitive review. In addition, the health care financial analyst displayed a profound bias and prejudice against the Wentworth-Douglass Hospital, appearing to actively assist a New Hampshire hospital actively competing with Wentworth-Douglass Hospital for a Certificate of Need in the State of New Hampshire.

While representatives of both of the competing entities were entitled to an exchange of information with staff in order to assist the Department in making its final determination and which did, in fact, take place, the communications between the analyst and the director took on an aura of advance notice, rendering advice in the application process and disclosure of competing information in an unofficial way.[3]

The analyst performed prior review of materials to be submitted by the successful applicant, copies of the unsuccessful applicant's material was provided to the successful applicant in advance, unofficial instructions were given to the Director, discussions of advertisements, editorials, letters and the like took place between the analyst and the successful applicant, the analyst ridiculed portions of the Collaborative's application and ridiculed persons associated with the Collaborative, including counsel. The analyst discussed bias and prejudice in other matters, including questioning whether a certain entity would ever receive approval from the Department. Prior to the Collaborative making a request for reconsideration of the award, contemplating such a request, the analyst sought advice from the Director of Planning as to how to deny the request. The individuals discussed efforts by the Collaborative to

---

[3] While some of the activities might be appropriate and helpful in a singular application for a Certificate of Need, the court believes it is reasonable to infer that a simple concept of governmental fair play requires all parties to be treated equally in a competitive review.

obtain support in their favor through the Commissioner's office and ridiculed the efforts.

When the analyst was notified by an acquaintance in New Hampshire that Wentworth-Douglass Hospital was unsuccessful in its request for a Certificate of Need losing to an Exeter hospital, the analyst ridiculed the efforts by Wentworth-Douglass Hospital suggesting that hospital "take care of business at home."

These activities were going on at the same time that the analyst was advising other members of the staff that the entire process must be handled with objectivity and should do everything to avoid it becoming a political issue.

From these and many other conclusions to be drawn from the record, the court concludes that, at least with one individual within the analyst's staff there is clearly bias and prejudice in favor of Maine Medical Center and Southern Maine Medical Center, there was clearly bias against Wentworth-Douglass Hospital and there was such contempt for the public discussion initiated by a member of the Collaborative that it created an atmosphere of highly negative and insulting communications regarding the unsuccessful applicant.[4] It is also clear that the analyst played no small part in the staff report that found its way to the Commissioner and upon which the Commissioner made his decision. Given these circumstances, the court must follow its mandate and determine whether there is evidence that the Department acted arbitrarily and capriciously and with bias and prejudice. (Emphasis supplied).

The court has carefully examined the staff report, both the preliminary and final recommendation. There appear to be three areas where bias and prejudice would most probably appear. The first is the staff's treatment, and the Commissioner's, of the

---

[4] The Director of Planning for MaineHealth was certainly aware this was a competitive process and it is difficult for the court to understand his conduct with the analyst in this whole proceeding.

Advisory Committee recommendation after a public hearing. The staff noted that the Advisory Committee's recommendations was largely premised on the concept of local control of a medical facility and concluded that the issue of local control was not an element in either the Certificate of Need Law or its standards. While there is clear evidence of contempt by the analyst for the persons supporting the issue of local control, there appears no evidence that such a factor was mandated or even appropriate for consideration under the law. Accordingly, the court finds no evidence of the Department acting arbitrarily or capriciously with respect to the consideration of the Advisory Committee's report.

The second issue subject to bias and prejudice is the issue of approval of the site by the local authorities for construction of the cancer center. The assertion is that the Department required the Collaborative to submit a site plan already approved by local authorities but the same requirement was not placed upon MMC/SMMC. Ultimately, this became particularly significant because of the great importance placed by the parties for its location in the Town of Wells where the Collaborative would erect the facility in conjunction with an existing clinic but MMC/SMMC was going to provide a stand-alone facility. As it turned out, MMC/SMMC could not get approval for the site or voluntarily left that site causing it to request a supplemental review regarding its award.[5]

It does appear that the Department did not treat the parties equally regarding the issue of site plan approval. It appears that the staff was satisfied from the representations by the application of MMC/SMMC that site approval would not be a problem but required specific pre-application approval by the Collaborative. However, the court finds nothing in the record contrary to the assertion by the Department that

_____

[5] This supplemental review is subject of a separate pending case before this court.

the issue of site plan approval is discretionary and not mandatory and that there existed some basis for the distinction between the applications. Most importantly, the overwhelming majority of activities displaying bias and prejudice on the part of Department staff was the result of the efforts of one individual and there does not appear to be any evidence that he participated in the issues with respect to the site plan approval.

As stated above, there is no question but that the staff held a prejudice against the Wentworth-Douglass Hospital in spite of its particular accreditation and its history of serving a substantial number of Maine patients. The final recommendation and decision by the Commissioner explained the bias by indicating that the hospital was not within the geographical jurisdiction of the State of Maine and was not subject to licensure and regulations by the State of Maine. While it was argued, appropriately, that the licensure and regulation issues pertained to the cancer center and not to the New Hampshire hospital, it appears to this court that it is a discretionary matter the importance of which is left to the expertise of the agency and would simply justify the bias and prejudice regarding their participation in a Maine facility.[6]

The responsibility of this court is to determine whether or not bias and prejudice found within the Department of Human Services resulted in the decision of the Department through its Commissioner acting arbitrarily and capriciously. Examining the staff recommendations and the decision by the Commissioner, the court can find no evidence that the outrageous activities by a member of the Certificate of Need staff caused the factual conclusions submitted to the Commissioner to be in error or objectively unreasonable. Accordingly, the court concludes that while there is evidence

---

[6] In all the pre-Certificate of Needs efforts and subsequent to the award, any attempts of cooperation or collaboration among all the adversaries to this comparative review displayed an insistence that Wentworth-Douglass Hospital not be a part of or have any ownership in the new cancer treatment center.

of bias against the Collaborative in the CON review process, there is no evidence of bias in the departmental decision or that it acted arbitrarily or capriciously.

The entry will be:

> Upon review of the entire record, the decision of Kevin W. Concannon, Commissioner, Department of Human Services, dated February 4, 2003, in its Certificate of Need review is AFFIRMED.

Dated: September __2 F__, 2007

Donald H. Marden
Justice, Superior Court

Date Filed ___5/5/03___      ___Kennebec___      Docket No. __AP03-24__
                                County

Action ___Petition for Review___
                80C                Charles Dingman, Esq.
                                   PO Box 1058
                                   Augusta, ME  04332-1058      J. MARDEN
                                   Southern Maine Medical Center and
                                   Maine Medical Center (directly affected parties)


                                   John R. Nicholas
   York Hospital & Wentworth Douglass    vs.  ~~Peter Walsh, Comm. Dept. of Human Services~~
Plaintiff's Attorney            Hospital        Defendant's Attorney

   Joseph M. Kozak, Esq.                        John Doyle Esq   (SMMC) & (MMC)
   Julius Ciembroniewicz, Esq.                  PO Box 9546
   160 Capitol Street                           Portland Maine   04112
   Augusta, Maine   04330

   Michael Seitzinger, Esq.                     Janine Keck Massey, AAG     (Walsh & DHS)
                                                Six State House Station
                                                Augusta ME   04333-0006

| Date of Entry | |
| --- | --- |
| 5/5/03 | Petition for Review of Final Agency Action, filed. s/Kozak, Esq. s/Ciembroniewicz, Esq. |
| 5/19/03 | Appearance and Statement of Position on behalf of Southern Maine Medical Center and Maine Medical Center (directly affected parties), filed. s/J. Doyle, Esq. and C. Dingman, Esq. |
| 5/27/03 | Entry of Appearance of Janine Keck Massey, AAG on behalf of Peter Walsh and Department of Human Services, filed.    s/J. Massey, AAG |
| 6/4/03 | Certification of Record* filed.  s/J. Massey, AAG **\*Record includes 4 white binders; 2 audio cassettes and 1 video tape which is on back shelf of the vault.** |
| 6/5/03 | Notice of briefing schedule mailed to attys. |
| 7/14/03 | Brief in Support of Petition for Judicial Review of Final Agency Action, filed. s/Kozak, Esq. |
| 8/13/03 | Respondent's Brief Pursuant to M.R.Civ.P. 80C, filed. s/Massey, AAG. |
| 8/18/03 | Brief of SMMC/MMC, filed.  s/C. Dingman, Esq. (filed 8/15/03) |
| 8/29/03 | Petitioners' Reply Brief, filed. s/Kozak, Esq. |
| 9/19/03 | STATUS CONFERENCE held in Waldo County, Hon, Donald Marden. Order to be issued—See Order in CV03-207. |
| 9/29/03 | Respondents' Motion Regarding Scheduling of Oral Argument Pursuant to M.R.Civ.P. 80C(1) with incorporated Memorandum of Law, filed. s/Massey, AAG Proposed Order, filed. |
| ------ | Statement of Position of SMMC/MMC, filed. s/Doyle, Esq. |
| ------ | Motion to Consolidate with attached exhibits "A"-"D", filed. s./Ciembroniewcz Proposed Order, filed. (filed in CV03-207) |
| 10/3/03 | Petitioners' Memorandum in Oppostion to Respondents' Motion Regarding Scheduling Oral Argument and Statement of Position of SMMC/MMC, filed. s/Kozak, Esq.  s/Ciembroniewicz, Esq. |

| Date of Entry | Docket No. _____ |
|---|---|
| 10/6/03 | Respondents' Opposition to Petitioners' Motion to Consolidate, filed. s/Massey, AAG |
| --------- | Smmc/MMC'S Memorandum in Opposition to Petitioners' Motion to Consolidate, filed. s/Dingman, Esq. |
| 12/02/03 | Petitioner York Hospital's Motion for Stay; Memorandum of Law of Petitioner York Hospital in Support of Motion for Stay; Affidavit of Joseph Kozak in Support of Motion for Stay and Proposed Order, filed.  s/J. Kozak, Esq. |
| 12/12/03 | Conference in chambers, Hon. Donald Marden, Presiding. See order in CV03-207. |
| 12/12/03 | Entry of Appearance, filed. s/Seitzinger, Esq. |
| 12/22/03 | SMMC/MMC's Memorandum in Opposition to Petitioners' Motion for Stay, filed. s/Dingman, Esq. |
| 12/23/03 | Respondents' Opposition to York Hospital's Motion for Stay, filed. s/Massey, AAG    (attached exhibit A) |
| 12/30/03 | Notice of setting of motions/oral arguments on 1/29/04 at 8:30 a.m. sent to attys of record. |
| 1/7/03 | Petitioners' Preliminary Motion to Correct or Modify Record, filed. s/Kozak, Esq.   s/Seitzinger, Esq. Memorandum of Law in Support of Petitioners' Preliminary Motion to Correct or Modify Record, filed. s/Kozak, Esq.  s/Seitzinger, Esq. Affidavit of Joseph M. Kozak in Support of Plaintiffs' Motion to Correct or Modify Record, filed. s/Joseph Kozak, Esq. (attached exhibits 1-9) Affidavit of Michael D. Seitzinger in Support of Petitioners' Motion to Correct or Modify Record, filed. s/Seitzinger, Esq. (attached exhibits 1-24) Proposed Order, filed. |
| 1/12/04 | Letter from attorney Seitzinger requesting conference of counsel. Copy of letter from Peter Walsh to attorney Kozak, filed. Petitioners' Motion for Leave to File Supplemental Briefs, filed. Proposed Order, filed. |
| 1/13/04 | Letter from attorney Doyle objecting to the letter filed by attorney Seitzinger requesting a conference, filed. |
| 1/15/04 | Respondents' Opposition to Petitioners' Motion to Correct or Modify Record and Motion for Leave to File Supplemental Briefs, filed. s/Massey, AAG |
| 1/20/04 | SMMC/MMC'S Memorandum in Opposition to Petitioners' Motion to Correct or Modify Record and Motion for Leave to File Supplemental Briefs, filed. s/Doyle, Esq.. |
| 1/22/04 | Petitioners' Reply Memorandum in Support of Motion to Correct or Modify Record, filed. s/Kozak, Esq.  s/Seitzinger, Esq. |
| 1/29/04 | Hearing had before the Court with Justice Marden, Presiding;  M. Seitzinger, Esq. for Plaintiff; Janine Massey, AAG for State, and John Doyle for MMC and SMMC.   Motion for stay withdrawn and all other pending motions heard.  After arguments, **matter taken under advisement.** |

| Date of Entry | YORK HOSPITAL VS. DHS        Docket No. _____ AP03-24 |
|---|---|
| 1/30/04 | Notice of setting of oral arguments on 2/5/04 at 9:00am sent to attys of record. |
| ------- | Affidavit of Stephen Pelletier, filed. s/Pelletier |
| 2/2/04 | Copy of letter from electronic recording division to atty Seitzinger, filed. s/Gayle Kinney. |
| -------- | Notice of resetting of hearing on 2/11/04 at 8:30 am sent to attys of record. |
| 2/6/04 | Original Transcript, filed. s/Merijane Spinney |
| 2/11/04 | Hearing had with Hon. Justice Donald Marden, presiding. Joseph Kozak, Esq. for the Plaintiff. Janine Massey, AAG and John Doyle, Esq. for the Defendants. Oral arguments made to the court. Court to take matter under advisement. |
| 2/12/04 | Letter from attorney Kozak with correction to "cites" in Petitioner's brief, filed. |
| | Letter from attorney Kozak regarding the Court's decision of February 6th, filed. |
| 2/24/03 | Letter regarding oral arguments held on February 11, 2004 with Justice Marden, filed. s/Doyle, Jr. Esq. Letter, filed. s/Doyle, Jr., Esq |
| 3/1/04 | Letter from Joseph Kozak to Justice Marden, filed. |
| 3/15/04 | Proposed Order for Substitution of Party, filed. s/M. Seitzinger, Esq. |
| 3/17/04 | Letter indicating no objection to the entry of the Proposed Order Substituting Acting Commissioner, filed. s/J. Doyle, Esq. |
| 3/18/04 | DECISION AND ORDER, Marden, J. (dated 3/17/04) The decision of Kevin W. Concannon, Commissioner, Department of Human Services, dated February 4, 2003, in the matter of: Cancer Care in York County-CON Review/York County Cancer Care Center (SMMC/MMC)/ York County Collaborative is AFFIRMED. Copies mailed to attys of record. Copies mailed to Deborah Firestone, Garbrecht Library and Goss. |
| | Notice of removal of record mailed. |
| 3/18/04 | MOTION FOR SUBSTITUTION, Marden, J. (dated 3/17/04) It is Ordered that John R. Nicholas is substituted for Peter E. Walsh, as Respondent in this appeal. Copies mailed to attys. |
| 3/25/04 | Petitioners' Motion for Entry of Order and Incorporated Memorandum of Law, filed. s/Kozak, Esq. s/Seitzinger, Esq. Proposed Order on Petitioners' Preliminary Motion to Correct or Modify Record, filed. |
| 4/1/04 | SMMC/MMC'S Memorandum Supporting Entry of Order Denying Petitioners' Motion to Correct or Modify, filed. s/Holmes, Esq. |

| Date of Entry | Docket No. _____ |
|---|---|
| 4/6/04 | Notice of Appeal with Statment of Issues on Appeal, filed. s/J. Kozak, Esq.; J. Ciembroniewicz, Esq. and M. Seitzinger, Esq. Attested copy issued to Jim Chute, Esq., Clerk of Law Court. |
| 4/12/04 | ORDER ON PETITIONERS' PRELIMINARY MOTION TO CORRECT OR MODIFY RECORD, Marden, J. (dated 4/7/04) Motion DENIED. Copies mailed to attys of record. |
| 4/14/04 | Respondents' Response to Petitioners' Motion for Entry of Order, filed. s/Massey, AAG |
| ------- | Notice from Law Court, filed. s/Chute, Clerk of the Law Court. Case to be transferred by April 27, 2004, docket number assigned is KEN-04-217 |
| 4/23/04 | Entire file mailed to Law Court. Attested copies of docket sheets and statement of transmission of exhibits mailed to James Chute, Clerk of the Law Court. (Record includes 4 white binders, 2 audio cassettes and 1 video tape in vault, will ship later when Law Court needs them) |
| 4/29/04 | Receipt of Clerk's Record in Law Court, filed. s/Galli, Asst. Clerk |
| 4/5/05 | MANDATE, filed. s/James Chute, Clerk Judgment vacated. Remanded to the Superior Court for further proceedings consistent with this opinion. |
| 4/12/05 | Entire file returned from Law Court, s/James Chute, Clerk |
| 4/13/05 | Notice of status conference on 4/28/05 at 8:30 a.m. sent to attys of record. |
| 4/15/05 | Petitioners' Renewal of Motion to Modify Record to Include Previousl Excluded Emails (Original Emails'),with Incorporated Memorandum of Law, filed. s/Seitzinger, Esq. Petitioners' Motion to Modify Record to Include emails filed with th Law Court in July 2004 ("Law Court Emails"), with Incorporated Memorandum of Law, filed. s/Kozak, Esq. s/Seitzinger, Esq. Affidvit of Michael D. Seitzinger in Support of Petitioners' Renewal n Motion to Modify Record to Include Previously Excluded Emails (" Original Emails"), filed. s/Seitzinger, Esq. Affidavit of Michael D. Seitzinger in Support of Motion to Modify Record ("Law Court Emails"), filed. s/Seitzinger, Esq. (Exhibit #1, #1-926) |
| 4/19/05 | Letter from attorney Massey confirming change is time for status conference, filed. |
| 4/25/05 | Petitioners' Supplement to Motion to Modify Record to Include Emails filed with the Law Court in July 2004 (Law Court Emails), filed. s/Seitzinger, Esq. Petitioners' Supplement to Renewal of Motion to Modify Record to Include Previously Excluded Emails (Original Emails), filed. s/Seitzinger, Esq. |
| 4/28/05 | Status Conference, Hon. Donald Marden. Counsel to submit a proposed schedule order. |
| 5/6/05 | Proposed Scheduling Order, filed. |
| 5/9/05 | SCHEDULING ORDER, Marden, J. Copies mailed to attys of record. |

| Date of Entry | Page 5 |
|---|---|
| | York Hospital vs. Nicholas     Docket No. AP03-24 |

| Date of Entry | |
|---|---|
| 5/16/05 | Petitioners' Motion to Produce Withheld Records, filed. s/Seitzinger, Esq.<br>Petitioners' Memorandum of Law in Support of Motion to Produce Withheld Records, filed. s/Seitzinger, Esq.<br>Affidavit of Michael D. Seitzinger, filed.<br>Proposed Order, filed. |
| 5/26/05 | Respondents' Opposition to Petitioners' Motion to Produce Withheld Records, filed. s/Massey, AAG<br>Affidavit of Janine Keck Massey, filed. |
| 6/2/05 | Petitioners' Reply Memorandum of Law in Support of Motion to Produce Withheld Records, filed. s/Kozak, Esq. s/Seitzinger, Esq. |
| 6/8/05 | Hearing on motion to Produce scheduled for July 7, 2005 at 9:00 a.m. |
| 7/1/05 | Proposed Order on Petitioner's Motion to Produce Withheld Records, filed. s/M. Seitzinger, Esq. (no objection) |
| 7/8/05 | ORDER ON PETITIONER'S MOTION TO PRODUCE, Marden, J.<br>Copies mailed to attys of record. |
| 7/20/05 | Petitioner's Motion to Modify Record to Include Additional Documents;<br>Affidavit of Joseph Kozak in Support of Motion to Modify Records with attached exhibits;<br>Memorandum of Law in Support of Motion to Modify Record and Proposed Order, filed. s/M. Seitzinger, Esq.<br><br>**UNDER SEAL** Documents in accordance with the July 6, 2005 Order, filed. s/M. Seitzinger, Esq. |
| 7/26/05 | Proposed Order on Petitioners'Motion to Modify Record, filed. ("Law Court Emails")<br>Proposed Order on Petitioners' Renewal of Motion to Modify Record ("Original Emails") |
| 7/29/05 | Letter from Janine Massey, AAG. requesting court to conduct a telephone conference. |
| 8/2/05 | Letter regarding AAG's letter of July 28 requesting mediation, filed. s/Seitzinger, Esq. |
| 8/3/05 | Respondents' Motion to Modify Record to Include Additional Documents with Incorporated Memorandum of Law, filed. s/Massey, AAG.<br>Respondents' Opposition to Petitioners' Motion to Modify Record, filed.<br>Affidavit of Janine Keck Massey in Support of Respondents' Motion to Modify Record to Include Additional Documents, filed.<br>Proposed Order, filed. |
| ***** | **Confidential Envelope filed under seal.** |
| 8/3/05 | SMMC/MMC'S Motion to Modify Record and Incorporated Memorandum of Law, filed. s/Dingman, Esq. (attached tables 1,2,3)<br>SMMC/MMC'S Memorandum of Law Responding to Petitioners' Several Motions to Add E-Mail and Other Documents to the Record, filed. s/Dingham, Esq.<br>Affidavit of Rich Linehan in Support of SMMC/MMC'S Memorandum of Law, filed. s/Rich Linehan<br>Affidavit of John P. Doyle Jr., in Support of SMMC/MMC'S Motion to Modify Record "Additional SMMC/MMC Documents, filed. s/Doyle, Esq. (attached Appendix to Affidavit)<br>Proposed Order, filed. |
| ------- | SMMC/MMC Responses to Portions of York/Wentworth Douglass Motion of July 19, 2005(Kozak Exhibits 5-8), filed. s/Doyle, Jr., Esq. **(under seal)** |

| Date of Entry | Docket No. |
|---|---|
| 8/9/05 | Petitioners' Reply Memorandum of Law in Support of Motions to Modify Record, filed. s/Seitzinger, Esq. <br> Petitioners' Reply Memorandum of Law in Support of Motion to Modify Record to Include Additional Documents, filed. s/Seitzinger, Esq. <br> Confidential document, filed. |
| 8/12/05 | Petitioners' Response to MMC/SMMC's Motion to Modify Record to Include Additional Documents, filed. s/Kozak, Esq. <br><br> Petitioners' Opposition to Respondents' Motion to Modify Record to Include Additional Documents, filed. s/Kozak, Esq. |
| 8/16/05 | Letter from attorney Doyle joining in the request for a telephone conference, filed. |
| 8/16/05 | Respondents' Surreply in Response to Petitioners' Reply Memoranda of Law in Support of Motion to Modify, filed. s/Massey, AAG. |
| 8/18/05 | Petitioners' Surreply to Respondents' Motion to Modify Record to Include Additional Documents, filed. s/Seitzinger, Esq. |
| 8/19/05 | Respondents' Reply to Petitioners' Opposition to Respondents' Motion to Modify Record to Include Additional Documents, filed. s/Massey, AAG |
| ------- | Letter from attorney Kozak requesting that court deal with pending motions without a hearing, filed. |
| ------- | SMMC/MMC's Reply to Petitioners' Response to SMMC/MMC's Motion to Modify and to Petitioners' Related Argument in its Opposition to Respondents' Motion to Modify, filed. s/Dingman, Esq. |
| 8/23/05 | Notice of hearing of conference on 8/31/05 at 4:00 p.m. sent to attys of record. |
| ------- | Letter regarding stipulation, filed. s/Seitzinger, Esq. |
| 9/8/05 | Status of Motions to Modify, filed. s/Seitzinger, Esq. |
| 9/9/05 | AMENDED NOTICE OF SETTING OF SETTLEMENT CONFERENCE, Delahanty, J. <br> Set for conference on 10/19/05 at 8:30a.m. before Justice Cole in Portland. |
| 10/4/05 | Letter from attorney Doyle regarding the amended notice of setting. Faxed to Tina Hamilton in Portland. |
| 10/20/05 | SETTLEMENT CONFERENCE RECORD, Fritzsche, J. <br> Settlement not reached. |
| 11/8/05 | Petitioners' Motion to Modify Record, filed. s/Seitzinger, Esq. <br> Petitioners' Memorandum of Law in Support of Motion to Modify Record, filed. s/Seitzinger, Esq. <br> Affidavit of Joseph M. Kozak, filed. <br> Proposed Order, filed. |
| 11/18/05 | Petitioners' Renewed Motion for Stay, filed. s/Kozak, Esq. s/Seitzinger, Esq. <br> Memorandum of Law in Support of Petitioners' Renewed Motion for Stay, filed. s/Kozak, Esq. s/Seitzinger, Esq. <br> Affidavit of Joseph M. Kozak, in Support of Petitioners' Renewed Motion for Stay, filed. s/Kozak, Esq. <br> Proposed Order on Petitioners' Renewed Motion for Stay, filed. |
| 11/22/05 | Petitioners' Renewed Motion for Stay, filed. s/Kozak, Esq. |
| 11/29/05 | Respondents' Opposition to Petitioners' Motion to Modify Record, filed. s/Massey, AAG |

| Date of Entry | York Hospital vs. Nicholas                              Docket No. AP03-24 |
|---|---|
| ———— | Affidavit of Michael Pomerleau in Support of Respondents' Opposition to Petitioners' Motion to Modify Record, filed. s/Michael Pomerleau |
| | Respondents' Second Motion to Modify Record to Include Additional Documents with Incorporated Memorandum of Law, filed. s/Massey, AAG |
| | Affidavit of Janine Keck Massey in Support of Respondents' Second Motion to Modify Record to Include Additional Documents, filed. |
| | Proposed Order, filed. |
| 12/2/05 | SMMC/MMC'S Memorandum of Law Responding to Petitioners' Motion to Modify Record to Include September/October 2005 Documents, filed. s/Doyle, Esq. |
| 12-06-05 | Received and filed by Attorney for Petitioner, Michael Seitzinger, a Reply Memorandum of Law in Support of Motion to Modify Record to include September/October Documents and a Second Affidavit of Joseph Kozak in Support of Motion to Modify and request that the Court decide the Motion on the written filings. |
| 12-06-05 | Received and filed by Petitioner's Attorney, Joseph M. Kozak his Second Affidavit in Support of Motion to Modify Record. |
| 12/9/05 | Respondents' Opposition to Petitioners' Renewed Motion for Stay, filed. s/Massey, AAG |
| 12/9/05 | Petitioners' Response to Respondents' Second Motion to Modify Record dated November 29, 2005, filed. s/Kozak, Esq. s/Seitzinger, Esq. Petitioners' Reply Memorandum of Law Respondeing to MMC/SMMC's Opposition to Petitioners' Motion to Modify Record to Include September/October 2005 Documents, filed. s/Kozak, Esq. s/Seitzinger, Esq. |
| 12/12/05 | SMMC/MMC'S Memorandum in Opposition to Petitioners' Renewed Motion for Stay, filed. s/Doyle, Jr., Esq. Affidavit of Robert Hardison in Support of SMMC/MMC'S Memorandum of Law Opposing Petitioners' Request for Stay, filed. s/Hardison |
| 12/15/05 | Petitioners' Memorandum of Law Replying to Respondents' Opposition to Renewed Motion for Stay, filed. s/Seitzinger, Esq. |
| 12/19/05 | Petitioners' Memorandum of Law Replying to MMC/SMMC'S Opposition to Renewed Motion for Stay, filed. s/Seitzinger, Esq. Affidavit of Michael D. Seitzinger Regarding Issues Raied in Law Court in Support of Petitioners' Renewed Motion for Stay, filed. s/Seitzinger, Esq (attached Exhibit 1) |
| 2/3/06 | Letter requesting a mediation session with Justice Fritzsche, filed. s/Massey, AAG |
| 2/13/06 | Letter requesting a second settlement conference with Justice Fritzsche. s/Kozak, Esq. |
| 03-06-06 | Received and filed on behalf of Respondent, (SMMC) and (MMC) by Attorney JOhn P. Doyle Jr. an Affidavit of Robert Hardison in support of SMMC/MMC'S Memorandum of Law Opposing Petitioners' Request For Stay. |

| Date of Entry | |
|---|---|
| 03-07-06 | Received and filed by Attorney for Def. (SMMC) (MMC) on 03-06-06 an additional letter that should be added to be part of Exhibit 8 to the Doyle Affidavit dated August 2, 2005. The letter consists of three pages, a July 5, 1994 letter from Commissioner Sheehan to Mr. Paris and an attached Reconsideration Decision also dated July 5, 1994. |
| 3/8/06 | Hearing had, Hon. Donald Marden, Presiding. (no courtroom clerk present)<br>Case under advisement |
| 5/15/06 | ORDER FOR SUBSTITUTION OF PARTY, Marden, J.<br>Brenda Harvey substited as Commisstioner for DHS.<br>Copies mailed to attys of record. |
| 5/19/06 | Letter from attorney Seitzinger to Court regarding briefing schedule. |
| 5/26/06 | Letter regarding disposition of appeal, filed. s/Seitzinger, Esq.<br>Letter in response to Atty. Seitzinger's letter, filed. s/Doyle, Esq. |
| 5/30/06 | Supplemental Scheduling Order, filed. |
| 7/7/06 | Letter regarding pending motions, filed. s/Seitzinger, Esq. |
| 7/19/06 | CONFERENCE/STATUS CONFERENCE HELD, Marden, J.<br><br>ORDER ON RESPONDENTS' MOTION TO MODIFY, Marden, J.<br>Copies mailed to attys of record.<br><br>ORDER ON PETITIONERS' MOTION TO MODIFY (7/19/05), Marden, J.<br>Copies mailed to attys of record.<br><br>ORDER ON PETITIONERS' MODIFY (Sept/Oct. 2005), Marden, J.<br>Copies mailed to attys of record.<br><br>ORDER ON PETITIONERS' RENEWAL OF MOTION TO MODIFY, Marden, J.<br>Copies mailed to attys of record.<br><br>ORDER ON MOTION TO MODIFY RECORD BY SMMC, Marden, J.<br>Copies mailed to attys of record.<br><br>ORDER ON PETITIONERS' MOTION TO MODIFY (Law Court Emails), Marden, J.<br>Copies mailed to attys of record. |
| 7/21/06 | SUPPLEMENTAL SCHEDULING ORDER, Marden, J.<br>Copies mailed to attys of record.<br><br>ORDER ON RENEWED MOTION FOR STAY, Marden, J.<br>Petitioners' renewed motion for stay is DENIED.<br>Copies mailed to attys of record. |
| 8/2/06 | Proposed Order, filed.<br>Proposed ORder, filed. |
| 8/17/06 | ORDER ON RESPONDENT'S MOTION TO MODIFY, Marden, J.<br>Copies mailed to attys. |
| 8/21/06 | Amended Certification of Record, filed. s/Massey, AAG.<br>Stipulation as to Senders and Receivers of Emails, filed. s/Massey. |
| 8/23/06 | Brief of Petitioners, filed. s/Kozak, Esq.  s/Seitzinger, Esq. |
| 9/22/06 | Respondents' Brief, filed. s/Massey, AAG<br>Documents **UNDER SEAL**, filed. s/Massey, AAG |

| Date of Entry | Docket No. __AP03-24__ |
|---|---|
| | York Hospital vs. Nicholas |
| 9/22/06 | Brief of Southern Maine Medical Center and Maine Medical Center, filed. s/Dingman, Esq. |
| 9/25/06 | Supplemental filing to Record Exhibit R-185, filed. s/Doyle, Jr., Esq. |
| 10/2/06 | Reply Brief of Petitioners, filed. s/Seitzinger, Esq. Substitution of Brief of Petitioner's that was filed on August 23, 2006 |
| 11/22/06 | Oral arguments held with the Hon. Justice Donald Marden, presiding. Joseph Kozak, Esq. and Michael Seitzinger, Esq. for the Petitioner. Janine Massey, AAG and Charles Dingham, Esq. for the Respondent. Oral arguments made to the court. Court to take matter under advisement. |
| 9/28/07 | DECISION, Marden, J. Upon reveiw of the entire record, the decision of Kevin W. Concannon, Commission, Department of Human Services, dated February 4, 2003, in its Certificate of Need review is AFFIRMED. Copies mailed to attys. of record. Copies to repositories |